# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:21-cr-00099-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **PRELIMINARY ORDER** |
| vs. ) | **OF FORFEITURE** |
| ) | |
| DARRELL RAY HOLLIFIELD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture. [Doc. 25].

The Defendant Darrell Ray Hollifield pled guilty pursuant to a written Plea Agreement to one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). [Docs. 18, 19]. "A person who is convicted of an offense under this chapter involving a visual depiction described in section … 2252A … shall forfeit to the United States such person's interest in … any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." 18 U.S.C. § 2253.

The Federal Rules of Criminal Procedure instruct that forfeiture is appropriate upon a finding of a nexus, i.e., a connection between the

property sought to be forfeited and the violation at issue. Fed. R. Crim. P. 32.2(b)(1)(A). The burden is on the Government to establish by a preponderance of the evidence that the property at issue is subject to forfeiture. See United States v. Cherry, 330 F.3d 658, 669 (4th Cir. 2003).

With regard to property that facilitates, is intended to facilitate, or is involved in a crime, nexus is met where there is a "substantial connection" between the property and the crime. See United States v. Herder, 594 F.3d 352, 364 (4th Cir. 2010). A substantial connection is satisfied by showing that the use of the property made the crime "less difficult or more or less free from obstruction or hindrance." Id. (quoting United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990)). The nexus finding may be based on evidence already in the record, including the written plea agreement, and any additional evidence or information submitted by the parties and accepted by the Court. Fed. R. Crim. P. 32.2(b)(1)(B).

Here, the Government requests that the Court enter a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b) concerning the following assets:

- Lenovo laptop computer (SN: R90LW7R4)
- Fujitsu laptop computer (SN: R0639101)

[Doc. 25].

As part of his Plea Agreement, Defendant Hollifield agreed to forfeit all assets listed in the charging document, and the computers at issue were identified in the Indictment. Defendant Hollifield is bound by the terms of his Plea Agreement. See United States v. Yooho Weon, 722 F.3d 583, 588 (4th Cir. 2013) (a plea agreement should be interpreted "in conformity with principles of general contract law" and courts apply "the plain meaning of the agreement's terms with the goal of providing each party the benefit of its bargain"); see also United States v. Masilotti, 965 F. Supp. 2d 1380, 1385 (S.D. Fla. 2013) ("[A] party cannot accept the benefits of an agreement, in whole or in part, and then renege by contesting the forfeiture which was part of the bargain.").[1]

Additionally, the record supports the finding that the computers facilitated Defendant Hollifield's offense of conviction. The Factual Basis [Doc. 17] establishes the following facts. On January 8, 2020, the Yancey County Sheriff's Department received a National Center for Missing and Exploited Children (NCMEC) CyberTip documenting the download of an image of child pornography depicting a prepubescent female on February 16, 2019. The download had been made by an individual residing in Yancey

---

[1] It is unclear why the "Defendant is unwilling to consent to the forfeiture," [Doc. 26 at 2], and why the Government is not pursuing such unwillingness as a breach by the Defendant of his plea agreement.

3

County at Hollifield's home address. On February 25, 2020, Hollifield agreed to a consensual interview with a Yancey County Sheriff's Detective. During the interview, Hollifield admitted to utilizing the Internet to receive and download child pornography. Hollifield walked the detective through how he would use a surface web search engine to access a website where he would find and save images and videos of child pornography to his electronic devices. Hollifield confirmed for detectives that they would find child pornography saved to his computers. During a forensic examination, law enforcement located images of child pornography on both computers. [See Doc. 17: Factual Basis; Doc. 23: PSR at ¶¶ 14-19].

After careful review of the record, the Court finds that the Government has established by a preponderance of the evidence that the computers specified above are subject to forfeiture. Accordingly, the Government's motion is granted.

**IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED**:

1. In accordance with 18 U.S.C. § 2253, Defendant Hollifield shall forfeit the following assets to the United States:

   - Lenovo laptop computer (SN: R90LW7R4)
   - Fujitsu laptop computer (SN: R0639101)

2. Pursuant to 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6), the United States shall post on an official Government internet site (www.forfeiture.gov), for at least 30 consecutive days, notice of this order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice of this forfeiture.

3. Any person, other than Defendant Hollifield, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the

petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

4. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

6. Upon adjudication of third-party interests, if any, this Court will enter a final Order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2). If no third party files a timely claim, this preliminary Order of forfeiture shall become the final Order of forfeiture and shall be made part of the sentence and

included in the judgment, as provided by Fed. R. Crim. P. 32.2(b)(4) and 32.2(c)(2).

7. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED.**

Signed: September 25, 2022

Martin Reidinger
Chief United States District Judge