# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:21-cr-00099-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| DARRELL RAY HOLLIFIELD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Correct/Clarify Judgment [Doc. 39].

The Defendant moves pursuant to Rule 36 of the Federal Rules of Criminal Procedure to correct or clarify the Judgment to state explicitly that the Defendant may begin payment of the monetary penalties after his release from prison. [Doc. 39]. He contends that, despite the wording of the Judgment, the "Bureau of Prisons has informed him that it is authorized and intends to seize the legally allowed amount from his commissary account" (presumably through the Inmate Financial Responsibility Program, or IFRP). [Id. at 2].

Rule 36 of the Federal Rules of Criminal Procedure provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Here, the Defendant has not identified any *clerical error* in the Judgment that requires correction.[1] Rather, the Defendant appears to take issue with the Bureau of Prisons' execution of the Judgment and its determination of the Defendant's obligations under the IFRP. Before the Defendant can raise such issues before a court, however, he must first exhaust all administrative remedies through the Bureau of Prisons. McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999). Once all administrative remedies have been exhausted, a defendant may challenge the Bureau of Prisons' actions only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court.

---

[1] In his Judgment, the Defendant was ordered to pay $21,200.00 in restitution, a $5,000 JVTA Assessment, and a $100.00 special assessment. [Doc. 37 at 5,6]. In the Schedule of Payments, the Judgment provides that these criminal monetary penalties shall be due as follows: (1) a lump sum payment of $10,000.00 due within one week of the Judgment (which was paid) with (2) the remainder to be paid in equal monthly installments of $50.00 to commence 60 days after release from imprisonment to a term of supervision. [Id. at 7]. The Judgment does not provide for the immediate payment of any penalties. [Id.]. As such, the Judgment is already clear that the $10,000.00 payment was to be in lieu of deductions from Defendant's commissary account. There is nothing to clarify or correct.

2

See Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004); Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Correct/Clarify Judgment [Doc. 39] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 11, 2023

Martin Reidinger
Chief United States District Judge